Martin, J.
delivered the opinion of the court. The defendants allege, as grounds of reversal of *190 the judgment given against them, 1. That a writ of sequestration was issued in this suit by the judge of the seventh district. 2. That the judgment was signed on the day on which it was rendered. 3. That Chandler Lindsay, a person who appears to have a joint interest with the plaintiff in the suit is not a party therein.
I. The third and seventh are adjoining districts, and as the judge of either may act in lieu of the other, in certain cases, we must presume that the writ issued in one of those cases: besides the writ of sequestration, not being the original process, no error on issuing it can affect a case tried on the merits.
II. The day on which judgment was signed, cannot be ascertained from the record, nor from the statement of facts. It was said, in the argument, that the judgment was given on the day on which the court adjourned, and must consequently have been signed on that day—but this does not appear. If it did, it would also appear that no advantage was thereby lost to the appellants, as they could not have moved for a new trial at the succeeding term. They were not prevented, by the supposed hurry of the judge, from obtaining a statement of facts, and by appealing, they have admitted the judg *191 ment to be a final one; which it could not be, if not properly signed.
Turner for the plaintiff, defendants. Carleton for the defendants.
III. The petition states that the plaintiff and Chandler Lindsay, now dead, gathered together a quantity of bark, which is the object of the present suit, and the defendants, well knowing it to be the, property of the petitioner, forcibly took it away. The statement of facts shews that the plaintiff had purchased Lindsay’s share before this trespass was committed. This court is of opinion that the averment of property in the plaintiff sufficiently repelled the presumption of joint property arising from the joint gathering: it would therefore have been error to have made Lindsay or his representative a party in the suit.
The judgment of the district court is affirmed and as it does not appear that there was the least room for a hope of its reversal, we adjudge to the plaintiff seventeen dollars and fifty cents (being five per cent, on the judgment affirmed) as the compensation for the loss and injury he has sustained by the appeal, in addition to the interest and costs.
*192 GENERAL RULE.
It is ordered that, when a cause shall have been set down for hearing, if the appellant shall fail to attend by himself, or his counsel, the appeal shall be dismissed, unless the apellee shall appear and argue the case ex parte: and, if the appellee shall fail to attend, the appellant shall proceed to argue the case ex parte.
But the case shall he reinstated, if the party thus failing to attend shall, within ten days, shew that his absence was occasioned by some cause not within his control.